UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON L. THOMPSON,

                Plaintiff,

   -v-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

ORDER

07 CV 07793 (GBD)(FM)

GEORGE B. DANIELS, District Judge:

    Pro se plaintiff Sharon L. Thompson brings this action pursuant to Section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner") that denied plaintiff's application for permanent disability insurance benefits. Following the denial of her application, plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ"). Prior to rendering the final decision, the ALJ notified plaintiff that the ALJ intended to augment the record with additional evidence the ALJ secured from medical centers, and that plaintiff could request a supplemental hearing. The ALJ later determined that plaintiff was ineligible for benefits.

    Plaintiff requests a reversal of the ALJ's decision, and an order of remand solely for the purpose of calculating disability benefits. The Commissioner moves for judgment on the pleadings, requesting that the decision to deny benefits to plaintiff be reversed and the entire case be remanded for further administrative proceedings because plaintiff was not afforded a full and fair hearing. The Commissioner concedes that the ALJ failed to afford plaintiff an opportunity to rebut the post-hearing evidence.

    The Court referred the matter to Magistrate Judge Frank Maas for a Report and Recommendation. Magistrate Judge Maas issued a Report and Recommendation ("Report")

recommending that the Commissioner's motion for judgment on the pleadings be granted, and the case be remanded for further administrative proceedings pursuant to the Act.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See, Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Maas found that plaintiff was not afforded a full and fair hearing because she was unable to challenge the additional adverse evidence the ALJ relied on in making the decision to deny disability benefits. The magistrate judge determined that the ALJ should have given plaintiff the opportunity to rebut the evidence the ALJ acquired after the hearing. The Commissioner does not disagree. Plaintiff requested a "meeting" and indicated a belief that there was a "gap in the [medical center's] records that . . . should be filled." (Report at 3.) It is undisputed that the ALJ failed to provide plaintiff an opportunity to rebut the evidence that he

acquired after the hearing.

A reversal and remand solely for the calculation of benefits is inappropriate because the record fails to establish that plaintiff is disabled. Magistrate Judge Maas properly concluded that, although plaintiff was denied a full and fair hearing, remand solely for calculation of benefits is not proper where "there is evidence which would support an eventual finding" that plaintiff is not permanently disabled. (Report at 18.)

In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections to the Report and the time to do so has expired. After carefully reviewing the Report, the Court finds that the report is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein, the Commissioner's motion for judgment on the pleadings is granted, and the case is remanded for further administrative proceedings.

Dated: New York, New York
October 15, 2008

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

3